IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEE OTIS MARSHALL, | ) | 8:08CV362 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, and KARAN SHORTRIDGE, | ) ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Respondents' Motion for Summary Judgment. (Filing No. 9.) In support of their Motion, Respondents filed a Brief and relevant State Court Records. (Filing Nos. 10, 12, and 14.) Petitioner Lee Otis Marshall ("Marshall") did not respond to the Motion.

Liberally construing the allegations of Marshall's Petition for Writ of Habeas Corpus ("Petition") (filing no. 1), he argues that the Petition should be granted because:

Claim One:    Petitioner was denied the right to retain a "Forensic Ecpert [sic] Technician in his Capitol [sic] Case."

Claim Two:    Petitioner was denied the right to representation by counsel during his direct appeal because his appeal was considered "frivolous."

Claim Three:  The trial judge was incompetent *because* the judge granted defense counsel's motion to withdraw from Petitioner's direct appeal without requiring a supporting brief and without appointing new appellate counsel.

(Filing No. 7 at CM/ECF p. 1.)

## I. BACKGROUND

On January 17, 1978, Marshall pled no contest to one charge of First Degree Murder. *State of Nebraska v. Marshall*, 446 N.W.2d 733, 734 (Neb. 1989).[1] Marshall was thereafter sentenced to life imprisonment on that charge. *Id.* at 736. Marshall filed a timely direct appeal and his conviction and sentence were affirmed by the Nebraska Supreme Court on June 19, 1978. *Id.*

Marshall filed a pro se motion to vacate his sentence on October 7, 1987. *Id.* The Lancaster County, Nebraska District Court denied the motion to vacate, and Marshall timely appealed that denial. *Id.* at 736-37. The Nebraska Supreme Court affirmed the denial of the motion to vacate October 13, 1989. *Id.* at 738. Marshall took no other action until he filed a second post-conviction motion on December 13, 2007. (Filing No. 14-2, Attach. 1, at CM/ECF p. 1.) The Nebraska Supreme Court affirmed the denial of Marshall's second post-conviction motion on July 2, 2008. (Filing No. 12-5, Attach. 4, at CM/ECF p. 2.)

Marshall filed his Petition in this court on August 12, 2008. (Filing No. 1.) Respondents thereafter filed their Motion for Summary Judgment, arguing that Marshall's Petition is barred by the relevant statute of limitations. (Filing Nos. 9 and 10.) Despite having nearly three months in which to do so, Marshall failed to respond to the Motion.

---

[1]Respondent represented to the court that "because of the age of the conviction and direct appeal . . . Respondent is unable to find its file for the direct appeal." (Filing No. 10 at CM/ECF p. 10.) The entirety of the procedural history is therefore taken from the Nebraska Supreme Court's opinion denying post-conviction relief.

## II. ANALYSIS

### A. Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, the Eighth Circuit has "recognized a one-year grace period running from AEDPA's enactment for prisoners whose state court proceedings were completed prior to AEDPA's enactment." *Cross-Bey v. Gammon*, 322 F.3d 1012,

1014 (8th Cir. 2003). AEDPA's effective date was April 24, 1996. *Id.* In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues).

Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, then, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction was final on June 19, 1978, prior to the effective date of the AEDPA. Thus, the Petition is subject to the grace period, and must have been filed no later than April 24, 1997. Marshall did not file his Petition in this court until August 12, 2008. (Filing No. 1.) Even though the time during the pendency of his second post conviction motion does not count, that motion was not filed until December 13, 2007, more than ten years after the statute of limitations *had already expired* and therefore does not toll the statute of limitations.[2] In light of this, the court finds that Marshall's Petition was not timely filed.

### B.     Equitable Tolling

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g., Riddle v. Kemna*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two

---

[2]Likewise, Marshall's first post conviction motion has no impact on the statute of limitations because it was resolved by the Nebraska Supreme Court on October 13, 1989, nearly seven years before the enactment of the AEDPA.

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)).

Marshall has not responded to Respondents' Motion for Summary Judgment and has not argued that equitable tolling should be applied in this case. However, an independent review of the record shows that Marshall has not pursued his rights diligently and that no extraordinary circumstance stood in Marshall's way of timely filing his Petition. The court finds that equitable tolling does not apply and Marshall's Petition is barred by AEDPA's statute of limitations.

IT IS THEREFORE ORDERED that:

1. Petitioner Lee Otis Marshall's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

March 10, 2009.                    BY THE COURT:

                                   *s/Richard G. Kopf*
                                   United States District Judge